FILED

12 MAY 10 AM 10:48

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIF.

BY: /s/ PM   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KILCULLEN,<br><br>        Plaintiff,<br>vs.<br>SELECT PORTFOLIO SERVICING, INC.,<br><br>        Defendant. | CASE NO. 11-cv-2657 – BEN (DHB)<br><br>**ORDER GRANTING MOTION TO DISMISS, [Doc. No. 3].** |

Plaintiff John Kilcullen commenced this action against Defendant Select Portfolio Servicing, Inc. ("SPS"), alleging SPS failed to adequately respond to his requests regarding the servicing of his loan. Currently before the Court is SPS's "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, for a More Definite Statement." Plaintiff has not filed an opposition. For the reasons set forth below, SPS's motion is **GRANTED** and the case is **DISMISSED**.

## BACKGROUND

I.   **Factual background**

Plaintiff alleges that on June 1, 2011, he contacted the three major credit bureaus (Equifax, Experian, and TransUnion) regarding inaccurate information being reported by those credit bureaus about a loan Plaintiff took out that was being serviced by SPS. It appears the inaccuracies referred to were the reported monthly payments on the account. According to Plaintiff, Experian listed his monthly payments as "$0," while Equifax listed the monthly payments as "$1,985."[1]

Plaintiff was allegedly told that to dispute this information, he would have to contact the

---

[1] Plaintiff indicates that the monthly payment inaccuracy is not applicable to TransUnion.

servicer of his loan (SPS) directly. Plaintiff alleges that on June 6, 2011, he sent a written request to SPS disputing the payment history and the status of his account. According to Plaintiff, this written request had sufficient information to identify him, included a statement as to why he believed the account was inaccurate, and provided sufficient details regarding the information sought.

Plaintiff alleges SPS inadequately responded to his written request. Specifically, Plaintiff alleges SPS did not send him all the documents requested in his written request nor did it verify, within 30 days of the dispute, the information that was being reported.

Plaintiff alleges that he sent another request to SPS, which was received on August 29, 2011, letting it know that it failed to comply with its obligations to verify and correct the information. According to Plaintiff, SPS again failed to adequately respond to his request.

Plaintiff alleges that as a result of SPS's inadequate responses, he was denied his right to examine the records and was left with an inaccurate personal credit report. Moreover, he alleges that he was denied credit as a result of the negative information being reported by SPS.

## II. Procedural background

On October 12, 2011, Plaintiff commenced this action by filing a lawsuit in the Superior Court of California for the County of San Diego. The Complaint alleges causes of action under the California's Consumer Credit Reporting Agencies Act ("CCCRA"), the Federal Credit Reporting Act ("FCRA"), and the Real Estate Settlement Procedures Act ("RESPA") and Regulation X.

On November 15, 2011, SPS removed the action to this Court. Shortly thereafter, SPS filed the present motion to dismiss or, in the alternative, for a more definite statement. Plaintiff has not filed an opposition. The Court decides the motion without oral argument. *See* CIV. L.R. 7.1(d)(1).

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The Court, however, need not accept "legal conclusions" as true. *Iqbal*, 129 S. Ct. at 1949. Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is also improper for the Court to assume that plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

### I.  RESPA claim

RESPA sets forth the procedures that a loan servicer must follow and certain actions that it must take upon receiving a qualified written request ("QWR") from a borrower. *See* 12 U.S.C. § 2605(e). Specifically, a "written response acknowledging receipt" of the request must be sent within 20 days, and an appropriate action with respect to the inquiry must be taken within 60 days, after the receipt of the request. 12 U.S.C. § 2605(e)(1)(A), (e)(2). In this case, Plaintiff contends SPS failed to fully comply with RESPA in responding to his QWR sent on June 6, 2011. SPS seeks to dismiss this cause of action, arguing that Plaintiff failed to allege sufficient facts to show that his request qualified as a QWR or that SPS inadequately responded to the QWR

Even assuming the June 6, 2011 written request qualified as a QWR, *see* 12 U.S.C. § 2605(e)(1)(B), Plaintiff failed to allege sufficient facts to show that SPS's response to it was inadequate in violation of RESPA. Plaintiff merely states, in a conclusory manner, that SPS did not send him all the documents he requested and that it failed to timely verify the disputed information. Plaintiff does not attach a copy of his written request to the SPS or SPS's response. From Plaintiff's

- 3 -

11cv2657

1   allegations, it appears that SPS at the very least did respond to his request. There is no indication,
2   however, what specific requested documents or information SPS failed to produce or verify. Such
3   conclusory statements and "formulaic recitation[s]" of the elements of a cause of action are insufficient
4   to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.
5   Accordingly, SPS's motion to dismiss Plaintiff's RESPA cause of action is **GRANTED** and
6   this cause of action is **DISMISSED WITH LEAVE TO AMEND**.
7   II.   **FCRA claim**
8   Plaintiff alleges SPS violated 15 U.S.C. § 1681s-2(b) when it reported false and inaccurate
9   credit information and 15 U.S.C. § 1681s-2(a)(8) when it failed to respond and remove the disputed
10  items within 30 days. SPS moves to dismiss this cause of action, arguing that: (1) Plaintiff failed to
11  provide sufficient facts necessary to determine whether SPS conducted a reasonable investigation in
12  response to Plaintiff's dispute; (2) there is no private right of action under § 1681s-2(a); (3) Plaintiff
13  has no private right of action under § 1681s-2(b) because there are no allegations that SPS received
14  a notice of dispute from a credit reporting agency ("CRA"), which triggers the duty to investigate; and
15  (4) the reported error was not materially misleading to be actionable.
16  The FCRA imposes some duties on the furnishers of credit information to the CRAs. Section
17  1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies,"
18  delineating two categories of responsibilities. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d
19  1147, 1154 (9th Cir. 2009). Subsection (a) details the duty "to provide accurate information," while
20  subsection (b) lists obligations that are triggered "upon notice of dispute"—i.e., when a person who
21  furnished information to a CRA receives notice from the CRA that the consumer disputes the
22  information. *See* 15 U.S.C. § 1681s-2(a), (b). Although "[t]he FCRA expressly creates a private right
23  of action for willful or negligent noncompliance with its requirements . . . , § 1681s-2 limits this
24  private right of action to claims arising under subsection (b)." *Gorman*, 584 F.3d at 1154. "Duties
25  imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.*
26  In the present case, Plaintiff's claims under both subsections (a) and (b) fail. First, Plaintiff
27  cannot state a claim under subsection (a) because there is no private right of action with respect to
28  subsection (a). *See id.*; *see also* 15 U.S.C. § 1681s-2(c)(1). Second, the obligations under subsection

(b) are not triggered until "the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154. Here, Plaintiff has not alleged any facts from which the Court can discern whether SPS received a notice of dispute from a CRA to trigger its obligations under subsection (b). Accordingly, Plaintiff failed to allege sufficient facts to state a claim for relief under subsection (b).

Accordingly, SPS's motion to dismiss Plaintiff's FCRA cause of action is **GRANTED**. Plaintiff's claim under 15 U.S.C. § 1681s-2(a)(8) is **DISMISSED WITH PREJUDICE**. Plaintiff's claim under 15 U.S.C. § 1681s-2(b) is **DISMISSED WITH LEAVE TO AMEND**.

### III. CCCRA claim

Plaintiff alleges SPS violated California Civil Code § 1785.25(a) by reporting "incomplete or inaccurate" information. Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person *knows or should know* the information is incomplete or inaccurate" (emphasis added). This subsection is expressly exempt from preemption under the FCRA. *See Gorman*, 584 F.3d at 1169, 1172-73.

Plaintiff's claim under § 1785.25(a) fails because Plaintiff has not alleged any facts showing that SPS knew or should have known that the information it was providing was incomplete or inaccurate. Accordingly, SPS's motion to dismiss Plaintiff's CCCRA claim is **GRANTED** and this cause of action is **DISMISSED WITH LEAVE TO AMEND**.

### CONCLUSION

SPS's motion to dismiss is **GRANTED**. Plaintiff's claim under 15 U.S.C. § 1681s-2(a) is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff wishes to amend his complaint, he should file an amended complaint on or before **Monday, June 4, 2012**. The amended complaint should be sufficient in and of itself, without referencing any prior pleadings or filings.

IT IS SO ORDERED.

Date: May 9, 2012

Honorable Roger T. Benitez
United States District Judge